**IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| John Doe, | Civil Action No. 9:26-cv-01358-RMG |
| *Plaintiff,* | |
| v. | **COMPLAINT** |
| Beaufort County School District, and Victoria Katherine Montgomery, | |
| *Defendants.* | |

Plaintiff, John Doe ("Plaintiff" or "Doe"), complaining of the Defendants Beaufort County School District ("Defendant" or "School District") and Victoria Katherine Montgomery ("Defendant Montgomery" or "Montgomery"), would respectfully show as follows:

**PARTIES, JURISDICTION, AND FACTUAL BACKGROUND**

1.     Plaintiff is a citizen and resident of Beaufort County, South Carolina.

2.     Plaintiff brings this action under the pseudonym of John Doe to protect his identity given the facts and circumstances of this matter involving instances of sexual grooming, sexual battery, sexual discrimination, and sexual harassment of a public school student at the hands of a public school teacher and school district.

3.     Defendant Victoria Katherine Montgomery is a citizen and resident of the State of South Carolina.

4.     Defendant Beaufort County School District is a governmental entity and political subdivision within the meaning of the South Carolina Tort Claims Act (S.C. Code

§ 15-78-10, et. seq.) and at all times relevant hereto was responsible for the actions of its agents, staff, personnel, and employees, including Defendant Montgomery, and Defendant Montgomery was acting within the course and scope of her employment and relationship with the School District and under color of law.

5.     At all relevant times, Defendant Montgomery was a servant, agent, and employee of the School District, and she was acting within the course and scope of her official duties with the School District and performing official duties while acting in and about the official business of the School District.

6.     The acts, omissions, and overall conduct of each of the Defendants herein proximately caused the injuries and damages sustained by Plaintiff set forth below, and each Defendant is liable for said injuries and damages.

7.     At all relevant times, the School District exercised control over the conduct of Defendant Montgomery and had the duty and the right to control the time, manner, method, and performance of Defendant Montogomery's official duties while acting in and about the official business of the School District.

8.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681.  Plaintiff also raises claims pursuant to the South Carolina Tort Claims Act (S.C. Code § 15-78-10, et seq.) and the liability laws of the State of South Carolina over which this Court has pendent jurisdiction pursuant to 28 U.S.C. § 1367.

9.     Venue is proper in the above-captioned Division pursuant to 28 U.S.C. § 1391 and Local Civ. Rule 3.01(A)(1) (D.S.C.) because a substantial part of the events or omissions giving rise to the claim occurred in said Division.

10. At all relevant times, Defendant Montgomery acted both in her respective official capacities and individually.

11. Defendants are jointly and severally liable for the injuries and damages experienced by Plaintiff herein.

12. At all relevant times, Defendant School District failed to properly and sufficiently monitor the acts and activities of students and teachers at Hilton Head High School.

13. At all relevant times, Defendants placed Plaintiff in harm's way.

14. At all relevant times, Defendants failed to adequately protect and guard for the safety and well-being of Plaintiff.

15. At all relevant times, Defendants created an unsafe environment at Hilton Head High School and knew or should have known that such an environment would lead to Plaintiff likely being subjected to the harm described herein.

16. During Plaintiff's years as a high school student at Hilton Head High School, he became the target of Defendant Montgomery's desire to engage in an inappropriate, illicit, and illegal sexual relationship with a school student.

17. Throughout Plaintiff's high school years, he was groomed by a School District employee, Defendant Montgomery, to participate in an inappropriate, illicit, and illegal sexual relationship.

18. It is illegal in South Carolina for any public school teacher to engage in any acts of sexual intercourse or other sexual touching of any public school student under any circumstances, and these facts are known to these Defendants.

19.     There are sexual predators lurking in the public school system in South Carolina and throughout the United States, and these facts are known to these Defendants.

20.     The Defendant School District has a heightened duty of care to guard against, be aware of, and prevent sexual grooming conduct and sexual relationships among its employee teachers and students, and Defendant School District failed utterly to do this with respect to Plaintiff herein.

21.     Multiple parents of other high school students have reported and complained to the School District about a suspected illegal sexual relationship between Plaintiff and Defendant Montgomery, but nothing was ever done to intervene and address or end this concerning behavior noticed and complained of by multiple parents.

22.     Multiple parents of other high school students have reported and complained to the School District about potentially harmful sexual grooming behaviors engaged in by their teacher employee, Defendant Montgomery, against students at Hilton Head Island High School, and Defendant School District failed to adequately intervene and provide protection to its students from these behaviors.

23.     Despite all of the warnings provided to Defendant School District, Defendant Montgomery while employed as a teacher at Hilton Head Island High School was allowed to perpetrate an extended course of sexual grooming against her student, Plaintiff John Doe herein, that ultimately resulted in illegal sexual intercourse at the insistence of Defendant Montgomery, and such was furthered by multiple instances of inappropriate sexual contact between Plaintiff Doe and Defendant Montgomery while on school grounds.

24.    Rather than intervene and protect Plaintiff from the inappropriate sexual grooming, sexual battery, and sexual harassment perpetrated by Defendant Montgomery, Defendant School District chose to empower Defendant Montgomery and create an environment where she was allowed to further prey upon Plaintiff by allowing her to teach a class during Plaintiff's senior year of high school wherein Plaintiff was the only student in the class such that the sexual relationship desired by Defendant Montgomery was fostered by this arrangement wherein she could mingle with her student in private while on school grounds.

25.    Upon information and belief, Defendant School District has certain "Acceptable Use Policies" that govern conduct of its teachers, administrators, and other school employees, and these policies expressly prohibit public school teachers from using their mobile electronic devices to send private text messages to school students and also prohibit public school teachers from befriending school students on social media or otherwise using social media platforms to pursue inappropriate private relationships with public school students.

26.    Upon information and belief, Defendant Montgomery repeatedly and routinely violated the School District's "Acceptable Use Policies" by sending private text message and social media platform posts to Plaintiff Doe, all in an effort to sexually groom him and pursue her plan to commit illegal acts of sexual battery against Plaintiff Doe.

27.    Upon information and belief, throughout her period of employment with Defendant School District, Defendant School District knew or should have known of Defendant Montgomery's repeated and routine violations of their "Acceptable Use Policies" which enabled her to sexually groom and otherwise pursue an inappropriate

relationship with a young school student under her direct supervision, yet Defendant School District did nothing to intervene and failed to do anything to protect Plaintiff from the dangers associated with Defendant Montgomery's repeated and systematic violations of their "Acceptable Use Policies," thereby further demonstrating deliberate indifference to the safety and rights of Plaintiff Doe.

28.    These actions perpetrated by Defendant Montgomery and tolerated by Defendant School District while Montgomery was employed as a teacher with Hilton Head Island High School resulted in the lost innocence of Plaintiff Doe and resulted in extreme emotional harm and other damages to Plaintiff Doe.

29.    These Defendants were deliberately indifferent to the needs, safety, and well-being of Plaintiff in regard to the sexual harassment, sexual grooming, sexual battery and illegal sexual relationship persisting between Plaintiff and Defendant Montgomery.

30.    It is a criminal violation of South Carolina law for any school teacher to engage in sexual acts with any school student, and such is known by these Defendants.

31.    Defendant Montgomery had a known propensity to engage in inappropriate and illegal sexual conduct with students who are much younger than her, which stems from both the fact that multiple parents reported such conduct to the School District and the fact that Defendant Montgomery had a known previous relationship with a former student of hers following her service as a school teacher in Indiana which resulted in her having a child out of wedlock with her former student.

32.    At all relevant times, Defendant School District knew or should have known that Plaintiff was at risk and vulnerable to sexual battery and harassment given the notice of such harm given to the School District by multiple concerned parents and the known

propensity of Defendant Montgomery to engage in inappropriate sexual relationships with young students.

33.     The acts, omissions, and overall conduct of Defendants created a hostile and/or unsafe environment at Hilton Head High School to which Plaintiff was subjected.

34.     Because of these acts, omissions, and conduct, Plaintiff had difficulty focusing on his work while in school which adversely impacted his access to an education equal to his peers.

35.     Because of these acts, omissions, and conduct, Plaintiff experienced severe emotional distress that has required extensive counseling and therapy, and Plaintiff was unable to function normally at his planned college destination such that he had to withdraw from college and interrupt his normal academic and social progression.

36.     At all relevant times, Defendant School District knew or should have known that inappropriate and illegal sexual conduct engaged in by Defendant Montgomery and Plaintiff was likely to occur and continue to occur, and the School District had a duty and obligation to promptly and effectively address the environment and conditions that allowed these instances of sexual grooming, sexual battery, and sexual harassment to occur, and it failed to do so resulting in harm to Plaintiff.

37.     The acts, omissions, and overall conduct of Defendants placed Plaintiff in harm's way, made him vulnerable to sexual battery and harassment, and were sufficiently serious to deny and/or limit Plaintiff's ability to participate in or benefit from Hilton Head High School's education programs and activities.

38.     As a direct and proximate result of the acts, omissions, overall conduct, and breaches of the duties owed to Plaintiff by these Defendants, Plaintiff has suffered injury

and damages, including emotional distress, mental anguish, mental anxiety, mental suffering, embarrassment, loss of educational opportunities, humiliation, trauma, loss of enjoyment of life, and other harms.

39.     Each and every allegation stated herein above and below shall be fully restated and incorporated as to each and every claim or cause of action raised in this action.

## FOR A FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
(Violation of 42 U.S.C. § 1983 – 14th Amendment Equal Protection)

40.     Plaintiff realleges each and every allegation in the Paragraphs above as if set forth herein verbatim.

41.     Defendants at all times were acting under color of state law.  The deliberate indifference and intentional discrimination as described herein violates the 14th Amendment Equal Protection Clause.  Plaintiff has an equal right to receive an education free of discrimination and free from sexual battery and free from invasion of personal privacy and innocence, and these rights were clearly established and existed at all times during the sequence of events alleged herein.

42.     These Defendants violated Plaintiff's constitutional rights by failing to act in a necessary and reasonable manner to prevent him from becoming the victim of sexual grooming, and of sexual harassment, and to prevent the sexual battery from occurring, and these failures deprived Plaintiff of his rights to personal freedom and protection, and these failures resulted in the injuries and damages sustained by Plaintiff.

## FOR A SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
(Intentional Discrimination)

43.    Plaintiff realleges each and every allegation in the Paragraphs above as if fully set forth herein verbatim.

44.    Title IX of the Education Amendments of 1972 prohibits discrimination on the basis of sex in all state and local entities which receive federal funding.

45.    Defendants violated Title IX of the Education Amendments of 1972 by refusing and failing to provide Plaintiff with an environment that allowed him to participate in or benefit from the School District's educational programs while being free from sexual grooming, sexual battery, and sexual harassment.

46.    Defendants knowingly and unreasonably violated Plaintiff's rights to be free from sexual battery and sexual harassment, and they knew or should have known that such violations would likely lead to Plaintiff being harmed and injured.

47.    The acts, omissions, and overall conduct of Defendants constitute bad faith, negligence, negligence per se, gross negligence, willfulness, wantonness, recklessness, deliberate indifference, and intentional discrimination against Plaintiff, which resulted in a denial of access to the equal access and educational services to which Plaintiff was entitled as part of public school education.

48.    The acts, omissions, and overall conduct of Defendants proximately caused and contributed to the sexual harassment, sexual battery, and sexual discrimination described herein and the injuries and damages sustained by Plaintiff.

## FOR A THIRD CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
(Deliberate Indifference)

49.     Plaintiff realleges each and every allegation in the Paragraphs above as if set forth herein verbatim.

50.     Defendants acted with deliberate indifference to the rights to which Plaintiff was entitled.

51.     Although Defendant School District knew or should have known that Plaintiff was the subject of sexual harassment and sexual advances by their employee teacher, and that Defendant Montgomery would act in the manner described herein such that she was grooming Plaintiff to be her sexual pet, Defendants failed to act in a necessary and reasonable manner to prevent these harmful acts from occurring.

52.     Defendants were aware of these failures and knew or should have known that such failures interfered with Plaintiff's access to an education equal to that of his peers and free from personal invasion and discrimination.

53.     Defendants violated state law and Title IX of the Education Amendments of 1972 due to their deliberate indifference to the ongoing failures to implement appropriate safeguards, interventions, and other measures to which Plaintiff was entitled.

54.     The acts, omissions, and overall conduct of Defendants proximately caused and contributed to the sexual harassment, sexual battery, and sexual discrimination described herein and the injuries and damages sustained by Plaintiff.

## FOR A FOURTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
(Intentional Infliction of Emotional Distress and Outrage)

55.     Plaintiff realleges each and every allegation in the Paragraphs above as if set forth herein verbatim.

56.     By failing to appropriately respond to concerned parent complaints about inappropriate sexual conduct by their school teacher employee, and by knowingly failing to implement effective safeguards, interventions, and other measures to which Plaintiff was entitled, Defendant School District intentionally and recklessly inflicted severe emotional distress upon Plaintiff, with said distress ongoing.

57.     By engaging in a planning a prolonged course of conduct whereby she was sexually grooming and harassing Plaintiff Doe to the point of ultimately engaging in sexual intercourse with him while he was a high school student, and by continuing and encouraging a sexual relationship with Plaintiff Doe by inviting him to visit her repeatedly in a private room on school grounds with repeated inappropriate acts of sexual touching, Defendant Montgomery intentionally and recklessly inflicted severe emotional distress upon Plaintiff, with said distress ongoing.

58.     Even after the sexual misconduct of Defendant Montgomery was discovered and she was dismissed by Defendant School District from her employment position with Hilton Head High School, representatives of Defendant School District enhanced and worsened the severe emotional distress inflicted upon Plaintiff by making discriminatory remarks to him, including suggesting that Plaintiff should not feel as though he had been harmed at the hands of his teacher because he is a male rather than a female, and including suggesting that Plaintiff should not feel as though he had been

harmed at the hands of his teacher because the sexual battery he endured was of a heterosexual nature rather than homosexual.

59.    These outrageous and discriminatory remarks made to Plaintiff and his family at the insistence of school district representatives further inflicted severe emotional distress upon Plaintiff in an environment where he was already distressed and vulnerable.

60.    These Defendants were certain of and knew, or should have known, that such severe emotional distress would likely result to Plaintiff from their conduct and omissions.

61.    The conduct of these Defendants toward Plaintiff is and was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

62.    The emotional distress and mental anguish suffered by Plaintiff at the hands of these Defendants was so severe that no reasonable person should be expected to endure it.

63.    As a direct and proximate result of the severe emotional distress and mental anguish inflicted upon Plaintiff by these Defendants, Plaintiff has endured extensive counseling, therapy, and other unwanted attention.

64.    The acts, omissions, and overall conduct of Defendants proximately caused and contributed to the sexual harassment and the severe emotional distress described herein, along with the injuries and damages sustained by Plaintiff.

**FOR A FIFTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
(Gross Negligence and Violation of the South Carolina Tort Claims Act)

65.     Plaintiff realleges each and every allegation in the Paragraphs above is if set forth herein verbatim.

66.     Each and all of these Defendants owed Plaintiff a duty of care, which included, but is not limited to, a duty to keep a public school student protected from personal privacy invasion, and protected from sexual battery, and protected from sexual harassment, and protected from sexual grooming at the hands of a public school teacher.

67.     Defendants were negligent and grossly negligent, and Defendants breached the duties of care owed to Plaintiff in one or more of the following ways:

    a.    Failing to act in accordance with the appropriate level of care required by the applicable policies, procedures, and standards regarding the supervision, protection, and control of students at the subject school;

    b.    Failing to act in the necessary manner regarding the supervision, protection, and control of students at the subject school as required by state law;

    c.    Failing to supervise, manage, and train Defendant's employees, staff, personnel, and agents;

    d.    Failing to protect Plaintiff from an employee with a known propensity to sexually harass and sexually groom young school students;

    e.    Failing to properly identify and report unsafe, dangerous, deficient, and/or substandard practices at the subject school;

f.   Failing to provide reasonable and necessary measures and safeguards to prevent the sexual harassment and sexual battery described herein;

g.   Exposing Plaintiff to an unsafe school environment; and

h.   In such other particulars that may be established during the course of discovery or at the trial of this action.

68.   Each and all of these Defendants were grossly negligent, negligent, willful, wanton, and/or reckless conduct in breach of the duties of care owed to Plaintiff.

69.   As a direct and proximate result of the grossly negligent, negligent, willful, wanton, and/or reckless conduct and omissions of these Defendants, Plaintiff has suffered injury and other damages as previously set forth herein.

### FOR A SIXTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(Negligence Per Se; Violation of the Safe Schools Act of 1990)

70.   Plaintiff realleges each and every allegation in the Paragraphs above as if set forth herein verbatim.

71.   At all relevant times, the Safe Schools Act of 1990, S.C. Code § 59-5-10 et seq., was promulgated to provide for a safe learning environment for students at all South Carolina schools.

72.   An essential purpose of said statute is to protect against a particular kind of harm, namely violence or sexual battery of any kind perpetrated upon students at South Carolina schools.

73.   Said statute imposes obligations and duties upon these Defendants to use due care in guarding and protecting public school students such as Plaintiff from all

foreseeable risks of harm and injury originating at Hilton Head High School from dangers that were known, or should have been known, by Defendants.

74.     The class of persons that said statute intends to protect is all students at South Carolina schools, including particularly Plaintiff herein.

75.     Plaintiff, as a student at Hilton Head High School, was a person within the class protected by said statute, and because of his young age and inexperience at the time of the events described herein, Plaintiff lacked the capacity to protect himself from adult sexual abusers employed by the School District at Hilton Head High School.

76.     Defendants knew, or had reason to know, of the likelihood of harm to members of the class if they failed to do their duty for each school year.

77.     As described herein, Defendant Montgomery was an agent and employee of the School District, and including during, but not limited to, the school years of 2023, 2024, and 2025, Montgomery did cause harm to Plaintiff at Hilton Head High School which is owned, operated, and controlled by the School District.

78.     Each and all of these Defendants were grossly negligent, negligent, willful, wanton, and/or reckless in their conduct and omissions with respect to Plaintiff, and all in breach of the duties owed to Plaintiff, which were the direct and proximate cause of the harm described herein and the injuries and damages resultant therefrom.

79.     As a direct and proximate result of the grossly negligent, negligent, willful, wanton, and/or reckless conduct and omissions of these Defendants, Plaintiff has suffered injury and other damages as previously set forth herein.

## FOR A SEVENTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
(Attorney Fees)

80.    Plaintiff realleges each and every allegation in the Paragraphs above as if set forth herein verbatim.

81.    Plaintiff respectfully asserts that he is entitled to recovery of his reasonable attorney fees and costs related to this matter pursuant to 42 U.S.C. § 1988 and all other applicable law.

**WHEREFORE**, Plaintiff John Doe, having raised his Complaint against these Defendants, Beaufort County School District and their teacher employee Victoria Katherine Montgomery, prays that this Court inquire into the matters alleged herein and award him judgment against each and all of these Defendants, jointly and severally, for actual damages in an appropriate amount, for punitive damages where permitted by law, for the costs of this action, for reasonable attorney fees and costs associated with this action, and for such other and further relief that this Court may deem just and proper.

Respectfully submitted:

/s/ Patrick W. Carr
Patrick W. Carr
SC Bar No. 15585; Fed. I.D. No. 07190
CARR LEGAL GROUP, LLC
1917 Lovejoy Street
Beaufort, South Carolina 29902
Telephone:  (843) 738-2277
Dated: March 31, 2026          Facsimile:  (877) 327-2097
E-mail:  patrick@carrlegal.com
Beaufort, South Carolina      *Attorneys for Plaintiff*